**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

ROGER L. HARRIS,

                            Plaintiff,

            v.                                               No. 08-CV-1322
                                                                (GLS/DRH)

HARRY BUFFARDI, Individually and in his
Official Capacity as Sheriff of the County of
Schenectady; GORDON POLLARD,
Individually and in his Official Capacity as
Undersheriff of the County of Schenectady;
TIMOTHY S. BRADT, Individually and as an
Employee of the County of Schenectady;
JOHN DOES, Being Unnamed Employees of
the County of Schenectady; COUNTY OF
SCHENECTADY; RONALD WALSH; and
SCHENECTADY COUNTY SHERIFF'S
BENEVOLENT ASSOCIATION, LOCAL 3874,

                                            Defendant.

_____

**APPEARANCES:**                                **OF COUNSEL:**

ROGER L. HARRIS
Plaintiff Pro Se
Post Office Box 4735
Schenectady, New York 12304

GOLDBERG SEGALLA, LLP                  JONATHAN M. BERNSTEIN, ESQ.
Attorney for County Defendants         LATHA RAGHAVAN, ESQ.
Suite 300
8 Southwoods Boulevard
Albany, New York 12211

MATTHEW P. RYAN, ESQ.
Attorney for Union Defendants
Associate General Counsel
New York State Law Enforcement Officers Union
District Council 82
AFSCME
AFL-CIO
63 Colvin Avenue
Albany, New York 12206

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

Presently pending are the motions of plaintiff Roger L. Harris ("Harris") for (1) leave to file an amended complaint (Docket Nos. 18, 19), (2) the appointment of counsel (Docket No. 28), and (3) discovery and sanctions (Docket No. 29).   For the reasons which follow, Harris' motions for (1) leave to file an amended complaint is granted in part and denied in part, (2) appointment of counsel is denied, and (3) for discovery and sanctions is denied.

### I. Background

Harris was a probationary employee of the Schenectady County Sheriff's Department ("SCSD") on September 28, 2007 when he was arrested for assault following an incident at a Schenectady bar.  The arrest was allegedly based on a video tape of the incident.  Harris denies the assault and claims that the video tape has been altered.  Harris' employment was immediately terminated.  Harris claims that he was the victim of false arrest and of racial and age discrimination in employment by the Schenectady County defendants and by his union, the Schenectady County Sheriff's Benevolent Association, Local 3874 ("Union"), in violation of 42 U.S.C. § 1983; Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2(a); the Age Discrimination in Employment Act (ADEA), 29 U.S.C.  621 et seq.; and related state and federal law.  Compl. (Docket No.1) at ¶¶ 108-241 (asserting eleven causes of action).  Defendants contend that as Harris was a probationary employee, defendants could terminate his employment for any reason and did so based on the arrest.  They also contend that the video tape and Harris' statement to police following the incident

provided sufficient cause for the arrest.

## II. Motions to Amend

On July 2, 2009, Harris filed a motion for leave to file an amended complaint.  Docket No. 18.  By that motion, Harris sought to (1) add three new defendants and (2) add additional allegations and causes of action.  Harris Affirm. (Docket No. 18-2) at ¶ 3, 4.  Four days later, Harris filed a second motion seeking the same relief with a second proposed amended complaint containing the same proposed changes contained in the first which (1) corrected grammatical, spelling, and typographical errors, and (2) attached an unsigned copy of the proposed amended complaint where the first motion attached a signed copy. Harris Affirm. (Docket No. 19) at ¶¶ 3-6; Proposed Second Am. Compl. (Docket No. 19) at ¶¶ 308-407 (adding nine new causes of action).  Defendants oppose the motions on various grounds discussed below.[1]

## A. Legal Standard

Fed. R. Civ. P. 15(a) provides that the Court should grant leave to amend "freely ... when justice so requires." When exercising its discretion, a court must examine whether there has been undue delay, bad faith, or dilatory motive by the moving party. Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46 (2d Cir.1983) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A court must also examine whether there will be prejudice to the opposing

---

[1]Harris' two motions to amend seek the same relief based on the essentially same proposed amended complaint.  The later proposed amended complaint subsumes the first and will be deemed that which Harris seeks leave to file.  That complaint will be referred to herein as the "proposed amended complaint."

party. <u>See, e.g.</u>, <u>Ansam Assocs. Inc. v. Cola Petroleum, Ltd.</u>, 760 F.2d 442, 446 (2d Cir.1985) (permitting proposed amendment would be especially prejudicial once discovery was completed and a summary judgment motion filed). Finally, where it appears that granting leave to amend is likely to be futile, it is not an abuse of discretion to deny leave to amend. <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted).

Defendants here oppose Harris' motions principally on the ground that the proposed amendments would be futile.  Amending a complaint is futile where the proposed amendment does not cure the deficiencies in the original complaint, <u>Acito v. Imcera Group, Inc.</u>, 47 F.3d 47, 55 (2d Cir.1995), or it would not survive a motion to dismiss. <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 941 F.2d 119, 123 (2d Cir.1991). Therefore, to determine whether the proposed amendment is futile, a court must apply "the same analysis as that applied on a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). <u>Stetz v. Reeher Enterprises, Inc.</u>, 70 F. Supp. 2d 119, 121 (N.D.N.Y.1999). Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.

Moreover, where, as here, new defendants are sought to be added, a court must also look to Fed. R. Civ. P. 21. Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." <u>United States v. Commercial Bk. of N.A.</u>, 31 F.R.D. 133, 135 (S.D.N.Y.1962) (internal quotations omitted). The addition of parties under Rule 21 is also guided by the same liberal standard applicable to a motion to amend under Rule 15. <u>Chilstead Fair Housing Dev. Fund Corp. v. Burke</u>, 55 F.R.D. 414, 419 (E.D.N.Y.1972).

4

Finally, when, as here, the party seeking leave to amend proceeds pro se, a court must afford the pro se litigant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," ... that a pro se litigant's submissions must be construed "liberally," ... and that such submissions must be read to raise the strongest arguments that they 'suggest.' ... At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, .. or arguments that the submissions themselves do not "suggest, ..." that we should not "excuse frivolous or vexatious filings by pro se litigants" ... and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law...."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

## B. Futility

Both groups of defendants oppose various aspects of Harris' proposed amended complaint as futile on a variety of grounds as follows.

### 1. SCSD

Harris proposes to add the SCSD as a defendant.  The County defendants oppose this amendment on the ground that the County of Schenectady is already named as a defendant, the SCSD is a subdivision of the County, Harris was an employee of the County

5

rather than of the SCSD, and the addition of the SCSD would, therefore, be unnecessary. County Defs. Mem. of Law (Docket No. 22-7) at 1.  Whether the County or SCSD should stand alone as a defendant remains to be resolved by the evidence in the case as to the identity of the employer.  Harris' proposed complaint adequately alleges that SCSD was his employer, Harris is not required to accept defendants' representation that the County was his lone employer, and the Court may not consider evidence outside the corners of the proposed amended complaint.  Accordingly, the County defendants' objection on this ground is denied.

### 2, Collateral Estoppel and Res Judicata

The County defendants' oppose the proposed amendments on the ground that the additional claims are barred by the doctrines of collateral estoppel and res judicata.  County Defs. Mem. of Law at 2-6.  This argument requires consideration of matters outside the proposed amended complaint, particularly the records of the prior proceedings upon which the County defendants rely.  Harris is entitled to discovery on those records and to advance any arguments in opposition which he finds from the records he discovers.  It is, therefore, premature to determine the County defendants' contentions on this ground at this stage. Their objection on this ground is denied.

### 3. Title VII and ADEA Claims Against Individual Defendants

The County defendants next contend that the inclusion of the individual defendants in Harris' Title VII and ADEA claims is barred by the terms of the statutes.  This contention

presents a pure question of law and may be determined by reference to the contents of Harris' proposed amended complaint.

As to the Title VII claims, it is well settled that an individual may not be held liable under Title VII in his or her individual capacity.  See Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004).  The Second Circuit has not yet addressed whether an individual defendant may be found liable under Title VII in his or her official capacity, but the great weight of authority among the district courts in the circuit holds that such liability is also barred under the statute.  See, e.g., Figueroa v. City of N.Y., 198 F. Supp. 2d 555, 558 n.1 (S.D.N.Y. 2002) (("[W]hile the Second Circuit has not yet decided the issue, many courts have held that supervisors may not be sued in their official capacity [under Title VII].");  see also Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995).  Therefore, Harris may not assert Title VII claims against any individual defendant under Title VII and the County defendants' objection on this ground is granted.

The same governing law appears applicable to Harris claims under the ADEA.  As to the individual defendants in their individual capacities, such suits are limited to the employing entity.  See Walker v. Snyder, 213 F.3d 344, 346 (7th Cir.2000) ("[i]n suits under laws[] such as Title VII and the ADEA, the proper defendant usually is an organization rather than a natural person.").  The same rationale governing suits against individuals in their official capacities under Title VII would also appear to bar such actions under the ADEA.

Therefore, the County defendants' objection is granted and leave to amend is denied as to the inclusion of the individual defendants in the Title VII and ADEA claims in both their individual and official capacities.

**4. Due Process Claims**

Harris seeks to add claims under §§ 1981, 1983, and 1985 for deprivation of his due process rights under the Fourteenth Amendment and related provisions. All defendants object on the grounds that Harris possessed no right to due process as he was a probationary, at-will employee, he was not deprived of a cognizable property or liberty interest, and an adequate state court remedy existed for complaints of this nature. County Defs. Mem. of Law at 7-8; Ryan Aff. (Docket No. 24) at ¶¶ 12-13. All such contentions require the Court to consider matters outside the proposed amended complaint. Therefore, defendants' objections on these grounds are denied.

**5. Intentional Infliction of Emotional Distress**

The County defendants contend that Harris' claim for the intentional infliction of emotional distress in the proposed eighth cause of action is barred by the applicable statute of limitations. County Defs. Mem. of Law at 8-9. Harris alleges that his employment was terminated on September 28, 2007. Proposed Am. Compl. at ¶ 104. The original complaint in this action was filed on December 9, 2008, or over fourteen months thereafter. The County defendants contend that the applicable statute of limitations is one year under New York law and, therefore, this claim was untimely. Id. at 9.

This contention depends on the date of termination of September 28, 2007 being deemed the last date of any action by any defendant which caused Harris emotional distress. Liberally construing the proposed amended complaint, however, Harris' termination was integrally related to his criminal prosecution for assault which remains

8

pending even to date.  The proposed amended complaint contains allegations of actions of various types by County defendants after September 28, 2007 related to that prosecution. In light of Harris' pro se status, the proposed amended complaint will be construed to include in this claim actions and omission by defendants in connection with the criminal prosecution of Harris.  So construed, Harris commenced this action within one year of the last action constituting intentional infliction of emotional distress.  Thus, the County defendants' contention to the contrary is denied.

### 6. Civil Rights Claims and Official Capacities

The County defendants next contend that Harris' claims against the individual defendants in their official capacities under §§ 1981, 1983, and 1985 are barred. Generally state, a plaintiff suing under these sections may not obtain monetary damages against an individual defendant in his or her official capacity but may maintain such a claim for injunctive relief in that capacity.  See generally Rosquist v. NYU Med. Ctr., No. 97 Civ. 8566 JGK, 1998 WL 702295, at *15 (S.D.N.Y. Oct. 7, 1998) ("state officials 'are amenable to suit under § 1983 in their official capacities only for prospective declaratory and injunctive relief ... [and] in their individual capacities for monetary damages.'").  Harris seeks both monetary damages and injunctive relief against the individual defendants in their official capacities.  Proposed Am. Compl. at 72-73.  Accordingly, the County defendants' objection here is granted as to claims for monetary damages against the individual defendants in their official capacities and denied as to claims for injunctive relief in those capacities.

9

### 7. Slander

The County defendants contend that Harris' claim for slander in the fifteenth cause of action in the proposed amended complaint is barred by the statute of limitations. County Defs. Mem. of Law at 10. That cause of action alleges that defendant Buffardi made numerous defamatory statements about Harris to the news media with the latest made on October 3, 2007. Proposed Am. Compl. at ¶ 161-71. The statute of limitations for this claim is one year. See N.Y. C.P.L.R. § 215(3); see also Buskirk v. The New York Times Co., 325 F.3d 87, 89 (2d Cir. 2003). Thus, the complaint herein must have been filed prior to October 3, 2008. The original complaint here was not filed until December 9, 2008, or more than fourteen months after the last alleged defamation. As such, the fifteenth cause of action would be untimely and, therefore, futile. The County defendants' objection on this ground is granted.

### 8. Intentional Infliction of Emotional Distress Under § 1983

In the proposed sixteenth cause of action, Harris alleges the intentional infliction of emotional distress in violation of § 1983. Proposed Am. Compl. at ¶¶ 386-88. The County defendants correctly contend that a claim for intentional infliction of emotional distress cannot be brought under § 1983, which provides a remedy for intentional deprivations of constitutional rights rather than for torts such as alleged here. However, construing the proposed amended complaint in the light most favorable to Harris, the sixteenth cause of action should be deemed a pendent state law claim for the tort of intentional infliction of emotional distress rather than a claim under § 1983 for a deprivation of civil rights. So

construed, the allegations in the proposed amended complaint suffice and the County

defendants' objection on this ground is denied.


### 9. Seventeenth Cause of Action

In the proposed seventeenth cause of action, Harris alleges a conspiracy among the

defendants to obtain his wrongful discharge in violation of § 1985(3).  Proposed Am. Compl.

at ¶¶ 389-93.  The County defendants contend that this claim seeks to incorporate Title VII

into § 1985, this cannot occur under the law, and the claim is, therefore, futile.  County

Defs. Mem. of Law at 10-11.  This contention is, of course, an accurate statement of the

law.  However, again construing Harris' allegations in the light most favorable to him as a

pro se litigant, this cause of action alleges a deprivation of Harris' equal protection and due

process rights under the Fourteenth Amendment, a valid basis for a claim under § 1985.

So construed, this claim is sufficiently alleged and the County defendants' objection is

denied.


### 10. Eighteenth Cause of Action

In the proposed eighteenth cause of action, Harris alleges that defendants conspired

to fabricate evidence in violation of § 1985(2).  Proposed Am. Compl. ¶¶ 394-97.  The

County defendants contend that no facts alleged by Harris constitute a violation of §

1985(2).  County Defs. Mem. of Law at 11.  However, Harris alleges that the defendants

altered a video tape of the alleged assault recorded by a security camera.  If proven, these

allegations would establish both the obstruction of justice and the conspiracy to do so

11

prohibited by § 1985(2).  Accordingly, the County defendants' objection on this ground is denied.

### 11. <u>Monell</u> Claim

In the proposed twentieth cause of action, Harris asserts a <u>Monell</u> claim against the municipal defendants asserting that the deprivation of his rights occurred as the result of the policies and practices of those defendants.  Proposed Am. Compl. at pp 402-07.  The County defendants contend that this claim is asserted against the individual defendants in their official capacities and object that a <u>Monell</u> claim may not be asserted against individual defendants in any capacity.  County Defs. Mem. of Law at 12.  However, the proposed amended complaint states in the caption to the twentieth cause of action that it is asserted "Against Municipal Defendants, Schenectady County and Sheriff's Department" and makes no mention of any individual defendant.  Proposed Am. Compl. at 71.  The proposed amended complaint does allege in its supporting paragraphs certain action by certain individual defendants, presumably because a municipal entity may act only through its representatives and employees.  <u>See</u> <u>id.</u> at ¶ 403-06.  It remains sufficiently clear from the pleading, though, that this claim is asserted only against the municipal defendants and, accordingly, the County defendants' objection on this ground is denied as moot.

### 12. Union Officials as State Actors and Conspiracy

Harris' proposed amended complaint alleges in various causes of action that Union officials acted in concert with the County defendants to deprive Harris of his rights in

violation of § 1983 and related provisions.  The Union defendants contend that they may not

be included as defendants in any § 1983 claim because they were not state actors as

required by the statute and because the allegations of conspiracies are insufficient.  Ryan

Aff. at ¶¶ 9-27.  A remedy for the deprivation of civil rights is provided in § 1983 and the

related statutes which require proof, <u>inter alia</u>, that a defendant acted under color of law.

<u>See</u> <u>Okin v. Vill. of Cornwall-On-Hudson Police Dep't</u>, 577 F.3d 416, 439 (2d Cir. 2009).

Thus, a private party, such as the Union or its officials, generally are not amenable to suit

under § 1983 because they are not state actors.  However, they may be liable where "there

is a sufficiently close nexus between the State and the challenged action of the [private

party] so that the action of the latter may be fairly treated as that of the State itself," <u>Jackson</u>

<u>v. Metro. Edison Co.</u>, 419 U.S. 345, 351 (1974); <u>see also</u> <u>Flagg v. Yonkers Savings & Loan</u>

<u>Ass'n</u>, 396 F.3d 178, 187 (2d Cir.2005), or where they are "jointly engaged with state

officials" in a conspiracy to deprive the plaintiff of his constitutional rights, <u>Adickes v. S.H.</u>

<u>Kress & Co.</u>, 398 U.S. 144, 152 (1970).

Here, Harris alleges that the Union defendants joined with the County defendants to

violate his rights in various ways.  If proven, these allegations would suffice to demonstrate

that the Union defendants acted in concert with the state actors and could subject the Union

defendants to liability under § 1983 and the related statutes.  Accordingly, the Union

defendants' objection on this ground is denied.


### 13. Timeliness of Claims for Breach of the Duty of Fair Representation

Harris alleges that the Union defendants breached their duty of fair representation by

refusing to bring a grievance on his behalf concerning the termination of his employment. The Union defendants contend that such claims are untimely.  Ryan Aff. at ¶¶28-32. According to the Union defendants, the statute of limitations for such claims is either four or six months and the decision of the Union not to pursue a grievance on Harris' behalf was made over six months before this action was commenced.  Id. at ¶ 29.  However, construing the proposed amended complaint in light of Harris' pro se status, the Union defendants' refusal to pursue the grievance may arguably have continued beyond the formal decision, particularly where, as here, the criminal prosecution of Harris which formed the basis for the potential grievance has not yet been resolved.  Therefore, the Union defendants' objection on this ground is denied.

### 14. Conclusion

For the reasons stated above, Harris' motions for leave to file an amended complaint are granted in part and denied in part.

### III. Motion for Appointment of Counsel

Harris also moves for the appointment of counsel.  Docket No. 28.  He asserts that he has contacted approximately ten lawyers to represent him but that all declined.  Harris Aff. (Docket No. 28) at ¶¶ 4-6.  Harris was previously granted in forma pauperis status. Docket no. 4.

In Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In

14

deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.

Terminate Control Corp., 28 F.3d at 1341 (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)).  Of these criteria, the most important is the merits, i.e., "whether the indigent's position was likely to be of substance."  McDowell v. State of N.Y., No. 91 CIV. 2440, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting Cooper v. A. Sargenti & Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989)).  Indigents need not demonstrate that they can win their cases without the aid of counsel, but they must show a reasonable merit.  Id.

Courts cannot apply a bright-line test in determining whether counsel should be appointed.  Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)).  This is not to say that all, or, indeed, any, of these facts are controlling in a particular case.  Rather, each case must be decided on its own facts. Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.) (citing Hodge, 802 F.2d at 61).

15

A review of the file in this matter reveals that Harris' claims are not overly complex. Further, it appears that, to date, Harris has been able to litigate this action effectively. While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of trial, as is the case in many actions brought under§ 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel. Velasquez, 899 F. Supp. at 974.  This Court is also unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.  Thus, appointment of counsel at this time would not be a prudent use of limited *pro bono* resources.  The Court, therefore, finds that, based upon the existing record in this case, appointment of counsel is unwarranted at this time.  Harris' motion for that relief is denied.

### IV. Motion for Discovery and Sanctions

Finally, Harris moves for an order compelling defendants to provide discovery and for sanctions.  Docket No. 29. For several reasons, Harris' motion is denied.  First, it appears that any issues with defendants' production of discovery materials has now largely been resolved.  See Bernstein Letter dated Oct. 15, 2009 with attachments (Docket No. 30). Second, the full scope of necessary discovery reasonably could not be determined until Harris' motions to amend and defendants' opposition to those motions were resolved, as they have been herein.  Third, no prejudice appears to Harris from any late production as discovery remains ongoing in this case. Accordingly, Harris' motion to compel discovery and for sanctions is denied.

### V. Future Non-Dispositive Motions

Under N.D.N.Y.L.R. 7.1(b)(2), a conference with the Court is required before any non-dispositive motions such as those addressed herein are filed.  The parties are advised that while a decision on the pending motions is rendered here without requiring adherence to this rule, strict adherence will be required in the future.  Thus, if any party wishes to make any motion other than one for summary judgment, to dismiss, or for judgment on the pleadings, that party must first request a conference with the undersigned in according with Rule 7.1(b)(2).  That request should be made in the form of a letter to the undersigned with a copy to the other parties setting forth a brief summary of the motion which the party wishes to file.  No response to a letter-request is required or permitted without the permission of the undersigned.  Upon receipt of such a letter, a conference will be scheduled with all parties at which the issues which would be the subject of the motion will be addressed.

### VI. Conclusion

For the reasons set forth above, it is hereby

**ORDERED** that:

1. Harris' motions for leave to file an amended complaint (Docket Nos. 18, 19) are **GRANTED** except that leave to amend is **DENIED** as to:

A. Harris' claims under Title VII and the ADEA as to the individual defendants in both their individual and official capacities, and Harris shall delete the individual defendants from his causes of action under those statutes before filing the

amended complaint;

        B. Harris' claims under § 1983 and related statutes for monetary damages against the individual defendants in their official capacities and Harris shall clarify the allegations in those causes of action to make clear that the claims against the individual defendants in their official capacities are limited to Harris' claims for injunctive relief; and

        C. Harris' claim for defamation and slander, and Harris shall delete this cause of action before filing the amended complaint;

    2. Harris shall revise the proposed amended complaint as directed herein and shall file the revised amended complaint on or before **November 2, 2009**;

    3. Harris' motion for the appointment of counsel (Docket No. 28) is **DENIED**;

    4. Harris motion for discovery and sanctions (Docket No. 29) is **DENIED**; and

    5. The parties shall comply with N.D.N.Y.L.R. 7.1(b)(2) regarding all future non-dispositive motions.

**IT IS SO ORDERED.**

DATED:  October 19, 2009
       Albany, New York

_David R. Homer_

United States Magistrate Judge